IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHANNON L. GRANT,**

    **Plaintiff,**

**v.**                                          **CIVIL ACTION NO. 1:10CV85**
                                                    **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S OPINION/REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Fed.R.Civ.P. 72(b) and Local Court Rule 4.01(d), on May 28, 2010, the Court referred this Social Security action to United States Magistrate Judge John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

On April 26, 2011, Magistrate Judge Kaull filed his Report and Recommendation ("R&R"), and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Fed.R.Civ.P. 6(e), to file any written objections with the Clerk of Court within fourteen (14) days after being served with a copy of the R&R. He further directed the parties that failure to file objections would result in a waiver of any right to appeal from the judgment of this Court. The parties did not file any objections.

GRANT V. COMMISSIONER OF SOCIAL SECURITY                     1:10CV85

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Upon consideration of Magistrate Judge Kaull's recommendation and having received no written objections,[1] the Court **ACCEPTS** Magistrate Judge Kaull's R&R in whole and **ORDERS** that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, the Court

1. **DENIES** the defendant's motion for Summary Judgment (Docket No. 13);

2. **GRANTS** the plaintiff's motion for Summary Judgment (Docket No. 11);

3. **REMANDS** the case to the Commissioner for consideration pursuant to the recommendations contained in the Magistrate Judge's R&R; and

4. **DISMISSES** the case **WITH PREJUDICE** and **RETIRES** it from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed.R.Civ.P. 58. If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in Shalala v. Schaefer, 113 S.Ct. 2625 (1993), the time for such a petition expires ninety days after

---

[1] The failure to file objections to the Report and Recommendation not only waives the parties' appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

entry of judgment. The Court directs the Clerk of Court to transmit copies of this Order to counsel of record.

DATED: May 17, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE